# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELINA MUNIZ,<br><br>              Plaintiff,<br><br>       v.<br><br>PFEIFFER, et al.,<br><br>              Defendants. | **1:19-cv-00233-JLT-BAK (GSA) – PC**<br><br>**ORDER GIVING FULL EFFECT TO STIPULATION TO AMEND SCHEDULING CONFERENCE ORDER**<br>**(ECF No. 69.)** |

Celina Muniz ("Plaintiff") is proceeding with counsel in this wrongful death/civil rights action against employees of the California Department of Corrections and Rehabilitation.

On January 6, 2022, due to the elevation of Bakersfield Magistrate Judge Jennifer L. Thurston to District Judge, the court issued an order temporarily referring this case to Magistrate Judge Gary S. Austin until such time as a new Bakersfield magistrate judge is appointed. (ECF No. 66.)

On February 15, 2022, a stipulation to amend the July 8, 2021 Scheduling Order was filed with the Court. (ECF No. 69.)

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due

1

diligence, they cannot meet the requirement of the order.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, in the stipulation signed by counsel of all parties appearing in this action, the parties seek to modify the non-expert discovery cut-off date in the Scheduling Conference Order, with the understanding that the parties will not propound additional written discovery.  The parties also agree that a 90-day extension of the remaining deadlines in the Scheduling Order would greatly assist the parties in completing discovery, retaining experts, having further settlement discussions, and preparing for trial.  The parties propose the following dates:

|  | From | To |
|---|---|---|
| Expert Disclosure: | 03/25/2022 | 06/24/2022 |
| Supplemental Expert Disclosure: | 04/22/2022 | 07/22/2022 |
| Non-Expert Discovery Cut-off: | 02/25/2022 | 05/27/2022 |
| Expert Discovery Cut-off: | 05/20/2022 | 08/26/2022 |
| Pretrial Non-Dispo Motion Filing Deadline: | 06/17/2022 | 09/23/2022 |
| Pretrial Dispo Motion Filing Deadline: | 08/02/2022 | 11/08/2022 |
| Pretrial Conference: | 11/08/2022 | 02/07/2023 |
| Trial: |  | Set for April 11, 2023 or after |

The Court finds good cause to approve the parties' stipulation.  Accordingly, **IT IS HEREBY ORDERED** that the parties' stipulation filed on February 15, 2020, is given full force and effect as of the date it was filed.

IT IS SO ORDERED.

Dated:   **February 23, 2022**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE