# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MUNIZ, through his successor in interest CELINA MUNIZ,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, D. GOSS, J. CUSTER, J. FITZPATRICK, M. FAULKNER, A. DIAZ-ALBARRAN, R. CALDERON, M. JONES,<br><br>Defendants. | Case No. 1:19-cv-00233-JLT-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 79, 97) |

This case involves the brutal in-cell beating of Kern Valley State Prison inmate Daniel Muniz at the hands of his cellmate in March 2018, which led to Muniz's death. The operative complaint advances causes of action against various KVSP employees and officials under the Eighth Amendment, along with related claims. On January 13, 2023, the assigned magistrate judge issued findings and recommendations to grant Defendants' motion for summary judgment. (Doc. 97.) Plaintiff timely filed objections on January 27, 2023. (Doc. 101.) Defendants responded to Plaintiff's objections on February 10, 2023. (Doc. 102.)

The Court has conducted a *de novo* review of this case in accordance with 28 U.S.C. § 636 (b)(1)(C). The Court notes that Plaintiff's "limited objections" to the magistrate judge's findings and recommendations (Doc. 101 at 1) challenge only the findings and recommendations

that pertain to Defendant D. Goss. Plaintiff generally asserts that triable issues of fact remain as to Defendant Goss' liability. It is undisputed that the assailant, decedent's cellmate at the time, had a history of violence against other inmates and other threatening behavior, as well as one documented instance of in-cell violence that occurred approximately ten years before the attack. Nonetheless, the Court agrees with the magistrate judge's conclusion that Plaintiff's allegations – viewed in their most favorable light – fail to show that the decision to double-cell decedent with another inmate recently released from the Segregated Housing Unit posed an objective, substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that an Eighth Amendment failure to protect claim must allege that there was "objectively" a "substantial risk of serious harm" to which defendant was indifferent); *see also Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1161 (9th Cir. 2013) ("The record, viewed objectively and subjectively, is insufficient to preclude summary judgment on the claim that . . . officials were deliberately indifferent to a substantial risk that" one prisoner would assault another, since the two prisoners in question "had been in general population together for an extended period with no record of any threats or problems between them."); *Johnson v. Hicks*, 2014 WL 1577280, at *5 (E.D. Cal. Apr. 17, 2014) (finding prisoner failed to sufficiently allege Eighth Amendment failure to protect claim where he claimed attacker was "in Ad–Seg for disciplinary reasons," and was "well known for in-cell violence," but failed to claim any defendant knew his attacker "posed a particular, present danger" to him).

    Accordingly, having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Based upon the foregoing, the Court ORDERS.

1. The findings and recommendations dated January 13, 2023, (Doc. 97), are **ADOPTED IN FULL**.

///
///
///
///

2. Defendants' motion for summary judgment (Doc. 79) is **GRANTED** as to all remaining claims and defendants in the case.

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**March 7, 2023**__

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE